IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN HENRY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BLACK,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION AND ORDER FOR ALTERNATIVE SERVICE<br><br>Case No. 2:11-CV-129 TS |

This matter is before the Court on Plaintiff's Motion and Order for Alternative Service. Plaintiff seeks to serve Defendant by serving his insurance company or, in the alternative, by sending a certified letter to Defendant's last known address and placing a notice in a Salt Lake City newspaper of general circulation. For the reasons discussed below, the Court will deny the Motion without prejudice.

Pursuant to Fed.R.Civ.P. 4(e)(1), the Court may allow service of process as permitted by the law of Utah. Rule 4(d)(4)(a) of the Utah Rules of Civil Procedure provides:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the

1

individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means. The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.[1]

Under this rule, litigants may not resort to service by publication until they have first undertaken reasonably diligent efforts to locate the party to be served. This reasonable diligence requirement arises from constitutional due process rights and the recognition that publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court.[2]

"A determination of reasonable diligence thus properly focuses on the *plaintiff's* efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ."[3]

"The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[4]

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought. . . . [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state

---

[1] UtahR.Civ.P. 4(d)(4)(A).

[2] *Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004).

[3] *Id*. at 1216.

[4] *Id*. at 1217 (internal quotation marks and citation omitted).

2

defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[5]

Having reviewed Plaintiff's Motion, the Court finds that it falls short of what is required under Utah law. Plaintiff has failed to submit an affidavit in accordance with Utah Rule of Civil Procedure 4(d)(4)(a) setting "forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties." Further, upon the record before the Court, it appears that Plaintiff has taken no efforts to locate Defendant, let alone reasonably diligent efforts. Without further information, supported by an affidavit, the Court is unable to make a determination as to whether service by alternative means is proper in this case. It is therefore

ORDERED that Plaintiff's Motion and Order for Alternative Service (Docket No. 4) is DENIED WITHOUT PREJUDICE.

DATED February 4, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring).