IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN HENRY,<br><br>Plaintiff,<br><br><br><br><br><br>vs.<br><br><br><br>MICHAEL BLACK,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE WITHOUT PREJUDICE, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br><br><br>Case No. 2:11-CV-129 TS |

This matter is before the Court on Plaintiff's Motion to Strike, which seeks to strike a number of Defendant's affirmative defenses, and cross Motions for Sanctions. For the reasons discussed below, the Court will deny the Motion to Strike without prejudice. The Court will grant in part and deny in part Defendant's Motion for Sanctions and will deny Plaintiff's Motion for Sanctions.

I.  BACKGROUND

This dispute arises out of an automobile accident wherein Defendant, Michael Black, allegedly rear-ended Plaintiff Justin Henry's automobile which, in turn, rear-ended another automobile.  Plaintiff alleges damages to his vehicle and himself.

Plaintiff initially brought three causes of action: failure to drive safely and maintain control of vehicle; gross and wanton conduct; and negligent entrustment.  Plaintiff sought over $1 million in damages, as well as punitive damages.

Defendant answered Plaintiff's Complaint, denying many of Plaintiff's allegations and asserting a number of affirmative defenses.

In response to Defendant's Answer, Plaintiff filed a Motion to Strike, seeking to strike a number of affirmative defenses.  Plaintiff argues that these affirmative defenses should be stricken because they did not meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*[1] and *Ashcroft v. Iqbal*.[2]

Shortly after Plaintiff filed his Motion to Strike, Defendant filed a Motion for Sanctions. In that Motion, Defendant argues that certain allegations in Plaintiff's Complaint lack evidentiary support and are not based on knowledge, information and belief formed after reasonable inquiry.

Defendant's Motion for Sanctions was followed quickly by a competing Motion for Sanctions filed by Plaintiff.  Plaintiff's Motion for Sanctions is largely derivative of his Motion

---

[1] 550 U.S. 544 (2007).

[2] 129 S.Ct. 1937 (2009).

to Strike, essentially arguing for sanctions because certain affirmative defenses lack evidentiary support.

After all of these Motions had been fully briefed, the parties stipulated to allow Plaintiff to file an Amended Complaint. The Amended Complaint removed the objectionable material which made up Defendant's Motion for Sanctions. Defendant has also filed an Answer to the Amended Complaint. The Amended Complaint still contains many of the claims Plaintiff complains of in his Motion to Strike and Motion for Sanctions, but not all of them.

## II. DISCUSSION

### A. PLAINTIFF'S MOTION TO STRIKE

Plaintiff's Motion to Strike seeks to strike a number of affirmative defenses in Defendant's Answer. As Defendant has now filed an Answer to Plaintiff's Amended Complaint, the Motion to Strike is now moot and will be denied as such. If Plaintiff wishes to challenge any of Defendant's current affirmative defenses he may do so by filing a new motion.

### B. MOTIONS FOR SANCTIONS

Both parties have filed Motions seeking sanctions against the other. Under Fed.R.Civ.P. 11(b), an attorney who signs a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."[3] Rule 11 imposes an affirmative duty on an attorney to make a reasonable inquiry into the facts

---
[3] Fed.R.Civ.P. 11(b).

and law before filing a pleading.[4]  "While Rule 11 sets a threshold for the factual and legal assertions of a complaint, it is not a broad mechanism for testing the sufficiency of a plaintiff's claims."[5]  "Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."[6]  With this framework in mind, the Court will consider the parties' respective motions.

*1.     Defendant's Motion for Sanctions*

Defendant's Motion for Sanctions is based on Paragraphs 13 and 14 of Plaintiff's original Complaint.  Paragraph 13 alleges, on information and belief, that Defendant was using his cell phone when the collision occurred.  As a result of this allegation, Plaintiff asserted a claim for gross and wanton conduct.  Paragraph 14 alleges, again on information and belief, that Defendant had been in other automobile accidents in the past and asserts a claim for negligent entrustment.

Defendant contends that these allegations wholly lack any evidentiary support.  In response to Defendant's Motion for Sanctions, Plaintiff argues that these allegations are likely to have evidentiary support after further discovery.  Plaintiff, however, has now removed these paragraphs from his Amended Complaint.

As set forth above, Rule 11(b) requires an attorney who signs a pleading to certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable

---

[4]*Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993).

[5]*Ross v. Mukasey*,  2009 WL 4250124, at *1 (D. Colo. Nov. 24, 2009).

[6]5A CHARLES WRIGHT, ARTHUR MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 1336.3 (3d ed. 2009).

under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." The Advisory Committee Notes discussing Rule 11(b) provide a helpful discussion:

> The certification with respect to allegations and other factual contentions is revised in recognition that sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation. Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; *it is not a license to join parties, make claims, or present defenses without any factual basis or justification*.[7]

Plaintiff's counsel asserts that they conducted a reasonable investigation prior to filing the Complaint in this matter. Counsel also points to "circumstantial evidence" supporting the inclusion of Paragraphs 13 and 14. For instance, Plaintiff alleges that because others were able to come to a complete stop, but that Defendant did not, it "appears that the Defendant was occupied with something else in his car."[8] Plaintiff suggest that because of these facts, and because of Defendant's age, it is likely that Defendant was using a cell phone.

The Court finds that these allegations fail to meet the requirements of Rule 11. The allegation that Defendant was using a cell phone at the time of the incident is merely the speculation of counsel. As is the allegation that Defendant must have been involved in other

---

[7] Fed.R.Civ.P. 11 (advisory committee's note) (emphasis added).

[8] Docket No. 23 at 5.

automobile accidents. While Rule 11 allows a party to plead certain facts which may require further discovery, it does not permit a party to create facts which he or she hopes will later be substantiated by future discovery. This is precisely what has occurred here.

Having found a violation of Rule 11, the Court must determine the appropriate sanction. Rule 11(c)(4) provides:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

"Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management. Deterrence is, however, the primary goal of the sanctions."[9] The Tenth Circuit has identified several factors the Court is to consider in determining the appropriate sanction, including: (1) the reasonableness (lodestar) calculation; (2) the minimum amount sufficient to deter misconduct; (3) the offender's ability to pay; and (4) any other relevant factor.[10] The Tenth Circuit has cautioned that "[t]he appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff."[11]

---

[9] *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990).

[10] *Id*. at 684-85.

[11] *Id*. at 684.

6

Considering these factors, the Court finds that no sanction is warranted here. As stated, the primary purpose of Rule 11 is to deter. Since the filing of the Motion, Plaintiff has removed the objectionable material from his Complaint by the filing of an Amended Complaint. While this does not relieve counsel of the Rule 11 violation, this fact persuades the Court that no further sanctions are required.

*2. Plaintiff's Motion for Sanctions*

Plaintiff's Motion to Strike is largely derivative of his Motion to Strike. In his Motion to Strike, Plaintiff argues Defendant's affirmative defenses do not meet the pleading requirements of *Twombly* and *Iqbal*. In his Motion for Sanctions, Plaintiff goes on to suggest that Defendant's counsel have violated Rule 11 because the affirmative defenses lack factual support and are brought for an improper purpose.

Plaintiff's Motion for Sanctions differs in an important respect from Defendant's Motion for Sanctions. Plaintiff's Motion seeks to test the legal sufficiency of a number of affirmative defenses. As set forth above, this is not the proper role of a Rule 11 Motion. The proper procedure is to file a motion seeking to strike those affirmative defenses, as Plaintiff has done. Further, the affirmative defenses objected to are not based on pure speculation, as was Plaintiff's claim that Defendant was distracted because he was using a cell phone. Defendant has identified the evidentiary support he has for certain claims and has identified those claims that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Therefore, the Court will deny Plaintiff's Motion for Sanctions. Even if the Court were to find

that Defendant's counsel violated Rule 11, the Court would not find sanctions to be appropriate for the same reasons set forth above.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Strike (Docket No. 15) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Defendant's Motion for Sanctions (Docket No. 18) is GRANTED IN PART AND DENIED.  It is further

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 24) is DENIED.

DATED   July 19, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge